IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02408-MSK-MJW

CHERIE MCCRACKEN-PHILLIPS,

Plaintiff,

v.

- No Defendants Named -

Defendant(s).

**ORDER TO AMEND COMPLAINT
AND TO SHOW CAUSE**

**MICHAEL J. WATANABE
United States Magistrate Judge**

On November 5, 2008, plaintiff Cherie McCracken-Phillips submitted to the court a *pro se* Complaint. She paid the $350.00 filing fee. The court must construe the Complaint liberally because plaintiff is a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not act as a *pro se* litigant's advocate. Hall, 935 F.2d at 1110. For the reasons stated below, the court will direct plaintiff to file an Amended Complaint and to show cause why the Complaint and action should not be dismissed, for lack of subject matter jurisdiction and/or failure to comply with Fed. R. Civ. P. 8.

The court notes initially that the plaintiff's Complaint is deficient because plaintiff has not used the complaint form that *pro se* litigants are required to use. Pursuant to Rule 8.1A. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[a] *pro se* party shall use the forms established by this court

to file an action." Therefore, plaintiff will be ordered to file an Amended Complaint that is on the proper court-approved form that is available on the court's website.

The court also has reviewed plaintiff's Complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiff fails to set forth a short and plain statement of her claims showing that she is entitled to relief. See Fed. R. Civ. P. 8(a)(2). Furthermore, plaintiff does not state the name of any and all defendants in this action in the caption. In addition, plaintiff has not provided a short and plain statement of the grounds for the court's subject matter jurisdiction. It appears this may very well be related to a domestic action that belongs in state, not federal, court.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. See Atkins v. Northwest Airlines, Inc., 967 F.2d 1197, 1203 (8th Cir. 1992); Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969). When a complaint does not meet all of the requirements of Fed. R. Civ. P. 8(a) the court may elect to allow a plaintiff the opportunity to file an amended complaint. Therefore, plaintiff will be directed to file an Amended Complaint that is in keeping with Rule 8 and with Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). She also is instructed to assert her claims on a Court-approved form and to state her claims in a short and concise manner.

ORDERED that Plaintiff file **within thirty days from the date of this Order** an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff show cause why the instant Complaint and action should not be dismissed for lack of subject matter jurisdiction or noncompliance with Rule 8 of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order to the Court's satisfaction or show cause, within the time allowed, the court will make a recommendation to Judge Krieger that this action be dismissed without further notice.

Date: December 24, 2008          BY THE COURT:

                                 s/ Michael J. Watanabe
                                 Michael J. Watanabe
                                 United States Magistrate Judge