IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02408-MSK-MJW

CHERIE MCCRACKEN-PHILLIPS,

Plaintiff,

v.

- No Defendants Named -

Defendant(s).

**RECOMMENDATION THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 8**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

On November 5, 2008, plaintiff Cherie McCracken-Phillips submitted to the court a *pro se* Complaint. (Docket No. 1). She paid the $350.00 filing fee. This matter was then referred to the undersigned pursuant to an Order of Reference to Magistrate Judge (Docket No. 2).

On December 24, 2008, this court issued an Order to Amend Complaint and to Show Cause (Docket No. 4) in which plaintiff was directed to file an Amended Complaint and to show cause why the Complaint and action should not be dismissed for lack of subject matter jurisdiction and/or failure to comply with Fed. R. Civ. P. 8.

In that Order, the court noted initially that the plaintiff's Complaint was deficient because plaintiff had not used the complaint form that *pro se* litigants are required to use. Pursuant to Rule 8.1A. of the Local Rules of Practice of the United States District

Court for the District of Colorado-Civil, "[a] *pro se* party shall use the forms established by this court to file an action." Therefore, plaintiff was ordered to file an Amended Complaint that was on the proper court-approved form that is available on the court's website.

This court further found that the original Complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The court noted the following in its Order. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

This court found that plaintiff had failed to set forth a short and plain statement of her claims showing that she is entitled to relief. See Fed. R. Civ. P. 8(a)(2). This court further found that the plaintiff did not state the name of any and all defendants in this action in the caption. In addition, plaintiff did not provide a short and plain statement of

the basis for the court's subject matter jurisdiction. This court noted that it appeared this action may very well be related to a domestic action that belongs in state, not federal, court.

In view of the above, plaintiff was directed to file an Amended Complaint within thirty days that was in keeping with Rule 8 and with <u>Nasious v. Two Unknown B.I.C.E. Agents</u>, 492 F.3d 1158, 1163 (10th Cir. 2007). She was also instructed to assert her claims on a court-approved form and to state her claims in a short and concise manner.

On January 23, 2009, plaintiff filed a Civil Cover Sheet and various other documents from which this court still cannot discern the exact nature of the plaintiff's Complaint and the basis for the court's subject matter jurisdiction. It is difficult to describe these documents accurately. They appear to be a hodgepodge of materials. They clearly do not comply with Fed. R. Civ. P. 8(a).

On the Civil Cover Sheet, plaintiff listed two defendants, John Phillips and Francis McLean Phillips, checked off the box indicating that the basis of jurisdiction is Federal Question, and checked off a box that the nature of the suit was "Foreclosure/Evict." Under the section which directs a citation of the U.S. Civil Statute under which you are filing, there is a hand-written notation, "230 Foreclosure, Judgement, RO/Trespass Eviction/John P. s/Fran McLean Phillips." At the bottom of the form is the hand-written notation "<u>This form is abusive & may not be used to deny me my rights & my property</u>, only the People for whom this is intended may have access to records." (Docket No. 5 at 1). Plaintiff did not comply with this court's directive to submit a new complaint on the court's form. Instead, she submitted other forms she completed, i.e., a Summons in a Civil Action, Return of Service, Information

4

for Temporary Restraining Order,[1] and a Writ of Garnishment - Judgment Debtor Other Than Natural Person. In addition, she included a copy of a letter apparently sent to Governor Ritter noting that she could be very effective in the United States Senate and would like to be appointed. (Docket No. 5 at 13).

The court must construe the Complaint liberally because plaintiff is a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not act as a *pro se* litigant's advocate. Hall, 935 F.2d at 1110. A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. See Atkins v. Northwest Airlines, Inc., 967 F.2d 1197, 1203 (8th Cir. 1992); Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969). Despite being given an adequate opportunity to file an Amended Complaint that complies with Rule 8, plaintiff has failed to do so. It is thus hereby

**RECOMMENDED** that this action be dismissed without prejudice for failure to comply with Fed. R. Civ. P. 8(a).

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file**

---

[1] On the Information for Temporary Restraining Order, plaintiff states under the section "Concise statement as to type of claim, " "Mr. Phillips employment contact/gang took my car, my personal property - clothing, AC, silver/computer/telephone - Ca - with no judgement - not court no targeting to kill the - orders nothing. Injunction against theft, harassment, political profiling - turned off my telephone on Jan. 20-21, 2009." (Docket No. 5 at 5). In answer to the statement, "Reason why immediate action is required," plaintiff wrote, "So I am not killed or harmed in any way when I am in Colorado as Mr. Phillips contacts have hurt my family." (Docket No. 5 at 5). On another page of her submission, plaintiff states, "I ask for an order from Judge Krieger that I may go & live at the home without my husband being there and this Frances McLean Phillips has paid me no rent. I may also homestead this property." (Docket No. 5 at 10).

**written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: January 27, 2009  BY THE COURT:

　　　　　　　　　　　　　　　　s/ Michael J. Watanabe  
　　　　　　　　　　　　　　　　Michael J. Watanabe  
　　　　　　　　　　　　　　　　United States Magistrate Judge